IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                                            No. CIV S-11-2587 GGH P

    vs.

STATE OF CALIFORNIA, et. al.,

    Defendant.                                      <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seems to seek relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will not be assessed an initial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief
3  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
4  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
7  U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
10 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14 Cir. 1989); Franklin, 745 F.2d at 1227.

15       A complaint must contain more than a "formulaic recitation of the elements of a
16 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
17 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
18 "The pleading must contain something more...than...a statement of facts that merely creates a
19 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
20 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
21 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
22 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
23 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
24 the court to draw the reasonable inference that the defendant is liable for the misconduct
25 alleged."  Id.

26 \\\\

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5 1843 (1969).

6    Plaintiff states that due to various higher court rulings approximately 40,000
7 California state prisoners will be released and they are in need of marketable skills and job
8 placement or they will most likely commit more crimes. Plaintiff does not state that he is one of
9 these prisoners being released, and as the complaint now stands, he has no standing to represent
10 the claims of others. But regardless of standing, this fails to state any type of cognizable claim as
11 the court is not aware of any federal authority that requires prisoners to be trained in an
12 occupation prior to release, or to be given job placement assistance. See e.g., Walker v. Gomez,
13 370 F3d 969, 973 (9th Cir. 2004) (no constitutional right to be given a job in prison).

14    The complaint is dismissed but plaintiff will be granted leave to file an amended
15 complaint to attempt to state a viable claim, within twenty-eight days of service of this order. No
16 more amendments will be allowed. Failure to file an amended complaint will result in a
17 recommendation that this action be dismissed.

18    This action appears to be brought under the Civil Rights Act which provides as
19 follows:

20    Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
21    deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
22    law, suit in equity, or other proper proceeding for redress.

23 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

3

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will not be assessed an initial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. No more amendments will be allowed. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: October 20, 2011

                                            /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH: AB
tuns2587.b